UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARTHA CECILIA RODRIGUEZ VALENCIA,

    Petitioner,

    v.                                             CASE NO. 3:26-cv-

KRISTI NOEM,
in her official capacity as
Secretary of the Department
of Homeland Security,

PAMELA JO BONDI,
in her official capacity as Attorney General,

IMMIGRATION AND CUSTOMS ENFORCEMENT ("ICE"),

ICE FIELD OFFICE DIRECTOR, JACKSONVILLE FIELD OFFICE,

UNITED STATES DEPARTMENT OF HOMELAND SECURITY ("DHS"),

RICK STALY,
in his official
capacity as the Sheriff of Flagler County
and manager and overseer
of Flagler County Jail,

    Respondents.
_____/

**VERIFIED[1] PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT**
**FOR EMERGENCY DECLARATORY AND INJUNCTIVE RELIEF**

**I.    INTRODUCTION**

---

[1] A signed sworn verification by Petitioner is attached hereto as *Exhibit A*.

1.     Petitioner Martha Cecilia Rodriguez Valencia ("Petitioner") is a 45-year-old citizen of Colombia who arrived in this country on or about August 3, 2023 at the San Ysidro, California point of entry.  At the time of her entry into the United States, Petitioner was issued a Notice to Appear advising her that she was an "arriving alien" and setting a hearing before an immigration judge on December 9, 2026 at 9:00 a.m.  Attached hereto as *Exhibit B* is a copy of Petitioner's Notice to Appear.  Petitioner was then paroled and permitted to enter the United States pending her hearing date before the immigration judge.  Thereafter, on or about July 26, 2024, Petitioner submitted an asylum application, which is pending. Attached hereto as *Exhibit C* are Notices that DHS, U.S. Citizenship and Immigration Services dispatched to Petitioner's home in Kissimmee, Florida concerning her status as an asylum seeker.  In these notices, DHS advised Petitioner that she "may remain in the United States" until her asylum application was decided.  Petitioner has resided with her husband at their residence in Kissimmee, Florida since at least July of 2024.  ICE also issued Petitioner a permit to work in the United States and she was issued a social security number.  A copy of Petitioner's work permit and social security card are attached hereto as *Exhibit D*.

2.     On December 23, 2025, Petitioner was arrested by local law enforcement in Osceola County, Florida for a misdemeanor battery charge.  On December 24, 2025, a local judge set bond in the amount of $1,000.00 for

2

Petitioner in connection with her battery charge. On January 22, 2026, Petitioner's misdemeanor battery charge was dismissed when the local prosecutor's office filed a no information notice. A copy of this no information notice is attached hereto as *Exhibit E*. The no information notice stated that if Petitioner was in custody, she "should be released." *See Exhibit E*. However, since the dismissal of her battery charge, Petitioner has been unlawfully detained by ICE at local jails, including the Orange County Jail, the Baker County Jail, and now the Flagler County Jail, where she remains in custody. Thus, since at least January 22, 2026, Petitioner has been unlawfully detained by Respondents without criminal charges, without a judicial warrant authorizing her arrest and detention, and without lawful authority. Petitioner has been held on an ICE immigration detainer, an administrative request that does not authorize detention. Petitioner has not received a bond hearing. Instead, Petitioner has been subjected to continued and prolonged detention without due process.

3. Respondents have also unlawfully transferred Petitioner from the Orange County Jail to the Baker County Jail and then to the Flagler County Jail (FCJ). Respondents have also threatened or attempted to transfer Petitioner to ICE custody, which would irreparably deprive her of liberty and risk frustrating this Court's habeas jurisdiction. In that regard, on February 11, 2026, the Petitioner received a Notice of an Internet Master Calendar Hearing to be held on February 13, 2026. To be clear, she remains without a bond hearing at the date of the filing.

3

Thus, Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging her ongoing and unlawful detention at the Flagler County Jail in Bunnell, Florida, and further requests her immediate release and emergency injunctive relief preserving the status quo pending final adjudication of this action.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331, 2241, and 2243.

5. This Court is authorized to grant the writ and to dispose of the matter as law and justice require.

6. Venue properly lies within the Middle District of Florida under 28 U.S.C. § 1391, because Petitioner is detained in Flagler County, Florida, and Respondents exercise custody in this District.

## III. PARTIES

7. Petitioner resides in Kissimmee, Florida and is currently detained at the Flagler County Jail in Flagler County, Florida.

8. Respondent Kristi Noem is the Secretary of DHS, and is sued in her official capacity. She is charged with the administration and enforcement of immigration laws. 8 U.S.C. § 1103(a).

9. Respondent Pam Bondi is the Attorney General of the United States and is sued in her official capacity as the head of the Department of Justice. The Attorney General is responsible for the fair administration of the laws of the United States.

10. Respondent Rick Staly is the Sheriff of Flagler County who, in this capacity oversees and manages the Flagler County Jail, and is currently responsible for Petitioner's day-to-day confinement

11. Respondents DHS, ICE, and the ICE Jacksonville Field Office Director are responsible for civil immigration enforcement and the detainer at issue.

## IV. FACTS

12. Petitioner was initially detained by local law enforcement in Osceola County on December 23, 2025. Thereafter, Petitioner was taken into custody by ICE who relocated Petitioner to the Orange County Jail in Orlando, Florida where she remained until February 4, 2026, when she was removed to the Baker County Jail in Macclenny, Florida. Thereafter, on February 9, 2026 (some 48 hours later), Petitioner was transported to the Flagler County Jail in Bunnell, Florida, where she remains as of this filing. Thus, Petitioner is "in custody" for purposes of 28 U.S.C. § 2241.

13. No criminal charges are pending against Petitioner. No probable cause affidavit or judicial warrants exist justifying her current detention. Instead, Petitioner is being detained on the stated basis that she was allegedly "undocumented." Upon information and belief, the sole basis for Petitioner's confinement is an ICE immigration detainer, which only permits a criminal justice agency to "maintain custody of [an] alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of

custody" by the ICE.  8 C.F.R. § 287.7(d).

14. Petitioner has lawfully remained in the United States pursuant to the Notices she received from ICE concerning her pending asylum application.  She possesses a Social Security number from DHS and a U.S. Employment Authorization Document valid through May 26, 2030, and has an immigration court hearing scheduled for December 9, 2026.

15. Respondents have indicated an intent to transfer Petitioner to ICE custody before this Court can adjudicate the legality of her prolonged detention.  Indeed, Respondents have already relocated Petitioner twice.  Most recently, Petitioner has developed a health complication while in ICE's custody.  Specifically, Petitioner reports rectal bleeding and requires immediate medical care, which she does not believe she can adequately receive while in ICE's custody.

16. Petitioner's husband lives in Kissimmee, Florida.

17. Thus, Petitioner faces the possibility of imminent transfer outside of this judicial district and removal from the United States.

18. Based on the foregoing, no adequate or available administrative remedy exists to challenge a local jail's detention based solely on an ICE detainer. Exhaustion is not required and would be futile.

## V.     CLAIMS FOR RELIEF

**Count One: Writ of Habeas Corpus Should be Granted and Petitioner Should be Released.**

19. Petitioner repeats, re-alleges, and incorporates by reference each and

6

every allegation in the preceding paragraphs as if fully set forth herein.

20. "It is well-settled that courts have habeas jurisdiction to consider 'challenges to the lawfulness of immigration-related detention.'" *Gimenez Rivero v. Mina*, No. 6:26-cv-66, 2026 U.S. Dist. LEXIS 13724, at *5 (M.D. Fla. Jan. 26, 2026) (Dalton, J.) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)). "Noncitizens present in the United States are entitled to due process under the Fifth Amendment." *Mejia v. Noem*, No. 2:25-CV-981-SPC-NPM, 2025 WL 3078656, at *2 (M.D. Fla. Nov. 4, 2025) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). This includes protection against deprivations of liberty, such as immigration detention, without due process of law. *Id.* (citing *Zadvydas*, 533 U.S. at 690 for the proposition that "[f]reedom from imprisonment— from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.").

21. Petitioner, a non-citizen who has been residing in the United States, and has an application for asylum pending, is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See, e.g., Gimenez Rivero*, 2026 U.S. Dist. LEXIS 13724 at *10 (joining "the many, many others to conclude that mandatory detention under § 1225 does not apply to noncitizens who are already present in this country" and concluding that the "Government's detention of Gimenez Rivero under § 1225 is unlawful, and he is entitled to habeas relief."); *Reyes v. Rose*, No. CV 25-7138, 2026 WL 75816, at *1 n.1 (E.D. Pa. Jan. 9, 2026) (concluding the

petitioner was detained under 8 U.S.C. § 1226(a) and entitled to habeas relief by virtue of a bond hearing and noting that "[a]s of January 5, 2026, '308 judges have ruled against the [Government's] mass detention policy — ordering release or bond hearings in more than 1,600 cases — [while] just 14 judges . . . have sided with the [Government's] position.").

22. Petitioner falls into the class of individuals entitled to a bond hearing in immigration court under 8 U.S.C. § 1226(a). *Delgado Garcia v. Quinones et al*, No. 6:26-cv-181-GAP-DCI, Doc. 7, (M.D. Fla. Jan. 26, 2026) (Presnell, J.); *Guaiquire v. Quinones*, No. 6:26-cv-169-RBD-RMN, 2026 U.S. Dist. LEXIS 21745, at *18-19 ("Mandatory detainer applies to noncitizens "seeking admission" at the border. Section 1226, and the protection of a bond hearing, applies to noncitizens already present within our borders."); *see also De Souza v. Soto*, No. CV 25-18734 (JXN), 2026 WL 102946, at *2 (D.N.J. Jan. 14, 2026) (recognizing that the petitioner who overstayed his B2 tourist visa and was arrested was detained under 8 U.S.C. § 1226(a) and entitled to a bond hearing with an immigration judge); cf. *Lopez v. Dir. of Enf't & Removal Operations*, No. 3:25-cv-1313, 2026 U.S. Dist. LEXIS 22613 (M.D. Fla. Jan. 26, 2026) (Pratt, J.); *Buenrostro-Mendez v. Bondi*, No. 25-20496 CONSOLIDATED WITH No. 25-40701, 2026 U.S. App. LEXIS 3899 (5th Cir. Feb. 6, 2026) (mandate not yet issued).

23. An ICE immigration detainer would only permit Petitioner's detention by a criminal justice agency for not more than 48 hours. 8 C.F.R. §

8

287.7(d). Petitioner's detention has far exceeded this time period. In an effort to trump the 48 hour rule, Respondents have unlawfully moved Petitioner from jail to jail. However, Petitioner has remained unlawfully detained without a bond hearing, as Petitioner is entitled to under the laws of the United States.

24. Respondents' prolonged and unlawful detention of Petitioner is also a violation of the Fifth and Fourteenth Amendments to the U.S. Constitution, as Petitioner has been deprived of her liberty and freedom without notice, hearing, or lawful process.

25. In conclusion, Petitioner's prolonged detention is unlawful and she is entitled to habeas relief, including her immediate release.

**Count Two: Petitioner Is Entitled To A Temporary Restraining Order and Preliminary Injunction Pursuant to Federal Rule of Civil Procedure 65**

26. Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

27. Federal Rule of Civil Procedure 65 authorizes this Court to issue a Temporary Restraining Order ("TRO") without notice to the adverse party when (a) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition," and (b) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

9

28. If the movant establishes that she is justified in seeking ex parte relief, she then must show that injunctive relief is warranted. To do so, the movant must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). "The balance-of-the-harms and public-interest elements merge when the government is the party opposing the injunctive relief." *Melendez v. Sec'y, Fla. Dep't of Corr.*, No. 21-13455, 2022 U.S. App. LEXIS 10263, 2022 WL 1124753, at *17 (11th Cir. Apr. 15, 2022) (citing *Swain v. Junior*, 961 F.3d 1276, 1293 (11th Cir. 2020)).

### a. Likelihood of Success on the Merits

29. Based on the allegations set forth herein, Petitioner is entitled to a bond hearing and due process of law, which Respondents have denied her. Therefore, Respondents' detention of Petitioner without a bond hearing and due process is unlawful and Petitioner has demonstrated a likelihood of success on the merits

### b. Irreparable Harm

30. Petitioner has demonstrated that without an injunction she will suffer irreparable injury, which is an injury that "'cannot be undone through monetary remedies.'" *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) (quoting

10

*Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987)). "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Mejia*, 2025 U.S. Dist. LEXIS 217352, 2025 WL 3078656, at *3 (quoting *Gayle v. Meade*, 614 F. Supp. 3d 1175, 1205 (S.D. Fla. 2020)). Under the same or similar circumstances, courts have found irreparable harm where noncitizens, such as Petitioner, were detained without bond hearings. *See e.g. Anzola v. Warden, Orange Cnty. Jail*, No. 6:26-cv-00180-GAP-NWH, 2026 U.S. Dist. LEXIS 14747 (M.D. Fla. Jan. 27, 2026) (Presnell, J.); *Perez v. Quinones*, No. 6:26-cv-00228-GAP-DCI, 2026 U.S. Dist. LEXIS 17033 (M.D. Fla. Jan. 28, 2026) (Presnell, J.).

31. To allow Petitioner, who appears to be entitled to a bond hearing regarding her continued detention, to be transferred from the Flagler County Jail to an ICE holding facility outside this Court's jurisdiction would frustrate the speedy resolution of this case. Further, if Petitioner is smuggled away to ICE holding facilities, neither the Court nor Petitioner's counsel, family, or loved ones will have success locating, much less communicating with her. *See, e.g., Delgado Garcia v. Quinones et al*, No. 6:26-cv-181-GAP-DCI, Doc. 7, ¶ 5-6 (M.D. Fla. Jan. 26, 2026). Indeed, the filing of this Petition was delayed because of the movement of Petitioner between local jails, which made it difficult for Petitioner's counsel to locate her and finalize said Petition.

32. Accordingly, Petitioner, has shown irreparable harm will occur if this

Court does not prohibit Petitioner's transfer from the Flagler County Jail until such time that the Court can adjudicate the case.

### c.    Balance of Equities and Public Interest

33. Petitioner's rights to due process and liberty are at issue. "'Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Fifth Amendment's Due Process Clause] protects." *Mejia*, 2025 U.S. Dist. LEXIS 217352, 2025 WL 3078656, at *3 (quoting *Zadvydas*, 533 U.S. at 690). "There is no identifiable legitimate public interest served by Petitioner's likely unlawful detention without a bond hearing." *Anzola*, 2026 U.S. Dist. LEXIS 14747 at *6; *Perez*, 2026 U.S. Dist. LEXIS 17033 at *6. Instead, "the public is better served by the faithful execution of immigration laws." *Id.* Accordingly, Petitioner has demonstrated that the balance of equities and the public interest justify the entry of a TRO prohibiting her further transfer from the Flagler County Jail until further order of the Court.

### VI.   REQUESTED RELIEF

For the foregoing reasons, Petitioner respectfully requests that this Court:

1. Order Respondents and those in privity with them to immediately release Petitioner from custody;

2. Enter a TRO and/or preliminary injunction prohibiting Respondents and those in privity with them from transferring Petitioner from Flagler County Jail until further order from the Court;

3. Order expedited proceedings under 28 U.S.C. § 2243; and

4. Grant any other such relief as this Court deems just and proper.

Respectfully submitted this 12th day of February, 2026.

| | |
|---|---|
| */s/ Fritz Scheller* | */s/ Andrew C. Searle* |
| Fritz Scheller, Esquire | Andrew C. Searle, Esquire |
| Florida Bar No.: 0183113 | Florida Bar No. 0116461 |
| Fritz Scheller, P.L. | Searle Law P.A. |
| 200 East Robinson St., Ste 1150 | 200 East Robinson St., Ste 1150 |
| Orlando, Florida 32801 | Orlando, Florida 32801 |
| PH: (407) 792-1285 | Telephone: 407-952-0642 |
| FAX: (407) 649-1657 | andrew@searle-law.com |
| fscheller@flusalaw.com | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2026, I electronically served a copy of the foregoing on the Flagler County Jail, 1002 Justice Lane, Bunnell, FL 32110 via email to DEngert@flaglersheriff.com, and ICE-Jacksonville Field Office via email to Miami.Outreach@ice.dhs.gov, Orlando.DutyAtty@ice.dhs.gov

| | |
|---|---|
| */s/ Fritz Scheller* | */s/ Andrew C. Searle* |
| Fritz Scheller, Esquire | Andrew C. Searle, Esquire |
| Florida Bar No.: 0183113 | Florida Bar No. 0116461 |
| Fritz Scheller, P.L. | Searle Law P.A. |
| 200 East Robinson St., Ste 1150 | 200 East Robinson St., Ste 1150 |
| Orlando, Florida 32801 | Orlando, Florida 32801 |
| PH: (407) 792-1285 | Telephone: 407-952-0642 |
| FAX: (407) 649-1657 | andrew@searle-law.com |
| fscheller@flusalaw.com | |