UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARTHA CELIA RODRIGUEZ VALENCIA,

    Petitioner,

v.                                             Case No. 3:26-cv-297-MMH-PDB

KRISTI NOEM, et al.,

    Respondents.

## ORDER

This matter is before the Court <u>sua</u> <u>sponte</u>. Petitioner Martha Celia Rodriguez Valencia, an immigration detainee at the Flagler County Jail, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1) on February 12, 2026. On February 17, 2026, the Court granted Valencia's amended request for a temporary restraining order (Doc. 6) and enjoined Respondents from removing her from the Jacksonville Division of the Middle District of Florida through March 3, 2026. <u>See</u> Temporary Restraining Order (Doc. 7; TRO).

The Court held a status hearing on February 19, 2026, during which the Court advised the parties that it would consolidate the resolution of the merits of the Petition with the determination of whether to convert the TRO into a preliminary injunction and set a briefing schedule. <u>See</u> Clerk's Minutes (Doc.

9). Respondents subsequently filed a Response (Doc. 10) with exhibits (Docs. 10-1 through 10-8). Valencia has replied (Doc. 11).

Respondents argue that Valencia is not entitled to a bond hearing because she is an "arriving alien" who resumed her status as such when her parole expired on April 18, 2025; therefore, she is subject to mandatory detention pursuant to 8 U.S.C. § 2252(b)(2). Response at 6 (citing 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e)(1), (e)(2)). Valencia fails to address this issue in her Reply. As such, the Court will direct Valencia to submit supplemental briefing addressing the effect her expired parole has on whether her detention is governed by 8 U.S.C. § 1225 or § 1226.

Additionally, the Court finds good cause to extend the expiration of the TRO (Doc. 7). See Fed. R. Civ. P. 65(b)(2). The legal issues in this case are novel and complex. And supplemental briefing is required. An extension maintains the status quo, while allowing the Court to give appropriate consideration to the issues before it.

Therefore, it is **ORDERED**:

1. Valencia shall file supplemental briefing addressing the issue identified in this Order by **March 4, 2026**.

2. The TRO (Doc. 7) currently in effect is **EXTENDED**. Respondents and any officers, agents, servants, employees, attorneys, and persons in active

concert or participation with Respondents who receive actual notice of this Order, are enjoined from removing Valencia from the Middle District of Florida up to and including **March 17, 2026**, unless this temporary restraining order is extended or earlier dissolved.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of February, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 2/26
c:   Counsel of record